**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| KARL FLOYD, et. al., :<br>　　　　Plaintiffs :<br>v. :　　　1:05-CV-82 (WLS)<br>TRAVELERS PROPERTY CASUALTY CORP. :<br>OF AMERICA, et. al., :<br>　　　　Defendants : | |

## ORDER

Before the Court are Defendants' Motion for Partial Summary Judgment (Doc. 29), Defendants' Motion for Hearing (Doc. 30), and Defendants' Motion in Limine (Doc. 35). For the following reasons, Defendants' Motion for Partial Summary Judgment (Doc. 29) is **GRANTED-IN-PART** and **DENIED-IN-PART**; Defendants' Motion for Hearing (Doc. 30) is **DENIED**; and Defendants' Motion in Limine (Doc. 35) is **DENIED-IN-PART AS MOOT WITH PREJUDICE** and **DENIED-IN-PART AS MOOT WITHOUT PREJUDICE**.[1]

## DISCUSSION

### I. Defendants' Motion for Partial Summary Judgment

Defendants move for summary judgment on Plaintiff Karl Floyd's emotional distress and negligent hiring and retention claims. (Doc. 29). Specifically, Defendants assert that Plaintiff Karl Floyd is barred under Georgia law from recovering emotional distress damages from allegedly witnessing or learning about the death of his niece, Jasmine Floyd. *Id*. Defendants also assert that Plaintiff Karl Floyd is barred from otherwise recovering emotional distress

---

[1] Upon review of the parties' submissions in connection with the instant motion in limine and for summary judgment, the Court finds in view of the completeness and adequacy of the parties' briefs that a hearing on said motions is not necessary to assist the Court in its ruling on the subject motions. Defendants' Motion for a Hearing on Defendants' Motion for Summary Judgment (Doc. 30) is **DENIED**.

damages, alleging that he cannot establish the requisite "impact" under Georgia law. *Id*. Furthermore, Defendants assert that summary judgment is proper on Plaintiffs' negligent hiring and retention claims as Defendants admit the applicability of *respondeat superior* and Plaintiffs have not asserted a claim for punitive damages. *Id*.

### A. Summary Judgment Standard

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue is "genuine" if the quantum and quality of proof necessary to support liability under the claim is raised. Allen v. Tyson Foods, 121 F.3d 642, 646 (11th Cir. 1997). A fact is "material" if it hinges on the substantive law at issue and it might affect the outcome of the nonmoving party's claim. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); *see also* Allen, 121 F.3d at 646. A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim. *See* Cleveland v. Policy Management Sys. Corp., 526 U.S. 795, 804 (1999); Celotex, 477 U.S. at 323.

The movant bears the initial burden of showing that there is no genuine issue of material fact. Celotex, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing, or by pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id*. at 324. To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

On a motion for summary judgment, the Court must view all the evidence and all factual

inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. Celotex, 477 U.S. at 322-23; Allen, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### B. Factual Summary

On December 31, 2003, Plaintiff Karl Floyd ("Plaintiff") was driving a 2003 Chevrolet Suburban eastbound on Georgia State Route 62 ("GA 62"), in Calhoun County, Georgia. (Docs. 29, 51, 56). In addition to Plaintiff, the other passengers in the Suburban were his brother Stanley Floyd, and his family, Delisa Floyd, Ebonie Floyd, Kalyn Floyd, Xavier Floyd, and Jasmine Floyd. *Id*. At the same time, Defendant Tim Melsness was driving an 18-wheeler truck directly in front of Plaintiff, headed in the same direction. *Id*. Defendant Raynor Express owned the tractor trailer driven by Defendant Melsness. *Id*. At the time of the accident, Mr. Melsness was acting within the scope of his employment and was on the business of Raynor Express. *Id*.

According to Plaintiff, Defendant Melsness was driving behind a slow moving farm vehicle on GA 62. (Doc. 51). Plaintiff attempted to pass the 18-wheeler truck when the lane for oncoming traffic was clear. *Id*. As Plaintiff attempted to pass the 18-wheeler truck, the truck, driven by Defendant Melsness, allegedly crossed the centerline without signaling and encroached into the lane occupied by Plaintiff's Suburban. *Id*. Defendant Melsness' actions allegedly forced the Suburban off the road, causing Plaintiff to lose control of his vehicle. *Id*. The Suburban allegedly rolled over several times before coming to a stop upside down in a ditch on the eastbound side of GA 62. *Id*. Jasmine Floyd was allegedly ejected from the Suburban as the vehicle rolled over; and later died at the scene of the accident. *Id*.

Plaintiff further alleges that he was taken to a hospital by ambulance. *Id*. Upon his arrival, Plaintiff maintains that hospital personnel allowed him to view Jasmine Floyd's body. *Id*. Plaintiff allegedly received treatment for injuries sustained to his neck, back, shoulder, and knees; treatment which allegedly continued upon his return home to Houston. *Id*. Plaintiff

alleges that he did not have any problems with his neck, back, shoulder, or knees prior to the accident in question. *Id*. Plaintiff also asserts that he has sustained psychological treatment for alleged emotional and psychological suffering resulting from this accident. *Id*.

According to Defendants, Plaintiff cannot recall if the 18-wheeler truck driven by Defendant Melsness made contact with the Suburban at the time of the accident. (Doc. 29). Defendants further allege that there was no contact made between the two vehicles; and dispute Plaintiff's assertion that Defendant Melsness caused Plaintiff's vehicle to go off the road or otherwise caused the accident. (Docs. 29, 56).

Defendants further dispute Plaintiff's assertion that Plaintiff was transported to the hospital by ambulance. (Doc. 56). Defendants also maintain that Plaintiff does not properly cite to facts which support his assertions about his alleged pre-existing conditions, or lack thereof, or any treatment, if any, he received upon returning home. *Id*. Defendants also dispute Plaintiff's assertion that Plaintiff Karl Floyd suffered from emotional and psychological problems arising from this accident, alleging the same to constitute inadmissible hearsay not within any exception, which require expert testimony. *Id*. Finally, Defendants dispute any portion of the facts pertaining to any emotional distress allegedly due to the death of Jasmine Floyd, alleging the same to be immaterial and inadmissible as to the instant action. *Id*.

### C. Emotional Distress Claims Arising from the Death of Jasmine Floyd

This is a diversity action to which Georgia substantive law applies. (*See* Doc. 1).[2] Under Georgia law, there is no separate tort allowing for the recovery of damages for negligent infliction of emotional distress. *See* <u>Lee v. State Farm Mut. Auto Ins. Co.</u>, 272 Ga. 583, 588 (2000). "In a claim concerning negligent conduct, [such as this one], a recovery for emotional

---

[2] The instant action was brought pursuant to 28 U.S.C. § 1332 as Plaintiff is a citizen of Texas, Defendant Tim Melsness is a citizen of Illinois, Defendant Raynor Express Corp. is a corporation operated pursuant to the laws of Illinois, Defendant Raynor Manufacturing Company is a corporation operated pursuant to the laws of Illinois, and Defendant Travelers is a corporation incorporated under the laws of Connecticut and licensed to operate in Georgia; and the amount of controversy, exclusive of interest and costs, exceeds $75,000.00. (Doc. 1). Venue is proper in this District and Division because the events which gave rise to the instant action occurred in Calhoun County, GA, which is located within this District and Division. *Id*., *see* 28 U.S.C. § 90(b)(5).

distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury." *Id*. at 584.   In Lee, the Georgia Supreme Court extended recovery for negligent infliction of emotional distress to a limited set of circumstances where a parent witnesses a child's suffering and death sustained through the negligence of another. *Id*. at 588.  In McCunney v. Clary, 259 Ga. App. 260 (2003), the Georgia Court of Appeals extended recovery for negligent infliction of emotional distress to circumstances where a plaintiff witnesses the suffering and death of his spouse.

Here, Plaintiff Karl Floyd is neither father nor spouse of the decedent, Jasmine Floyd, upon whose death he seeks to base his claim for negligent infliction of emotional distress.  As a matter of Georgia law, Plaintiff may not recover for any emotional distress he may have incurred upon witnessing the decedent's suffering and death.  *Contra* Lee, McCunney.  Having so found, Defendants' Motion for Partial Summary Judgment (Doc. 29) is **GRANTED** as to Plaintiff's claim for emotional distress arising from the death of Jasmine Floyd.

**D.     Emotional Distress Claims Arising from Plaintiff Karl Floyd's Injuries**

As stated earlier, "[i]n a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury." Lee, 275 Ga. at 584.   "The Georgia impact rule has three elements: (1) a physical impact to the plaintiff; (2) the physical impact causes physical injury to the plaintiff; and (3) the physical injury to the plaintiff causes the plaintiff's mental suffering or emotional distress. And the failure to meet any one of these requirements has proved fatal to recovery." *Id*. at 586.

Here, the parties argued the first prong of the Georgia impact rule in great detail as an issue of whether or not the vehicles in question made contact, which is not incorrect. (*See* Docs. 29, 50, 56).   The essential question, however, is one of simple factual causation, i.e., whether Defendant Melsness' alleged negligent conduct caused or set into motion an event or series of events which resulted in physical injury to Plaintiff.   If it were so found and if evidence of emotional distress was established, Plaintiff could recover under Georgia law.  Obviously, there can be no recovery if Plaintiff can prove no physical injury caused by Defendant's negligence.

These are all genuine issues of material fact which necessarily preclude a finding of summary judgment at this time on Plaintiffs' emotional distress claim arising from Plaintiff Karl Floyd's injuries.  Having so found, Defendants' Motion for Partial Summary Judgment (Doc. 29) is **DENIED** as to said claim.

### E. Negligent Hiring/Retention Claims

Under Georgia law, "when an employer admits the applicability of *respondeat superior*, it is entitled to summary judgment on claims for negligent entrustment, hiring, and retention...[unless] a plaintiff has a valid claim for punitive damages against the employer based on its independent negligence in hiring and retaining the employee or entrusting a vehicle to such employee." Durben v. American Materials, Inc., 232 Ga. App. 750, 750-751 (1998) (italics added).  Here, Defendants admit that *respondeat superior* applies in this case, and that Defendant Melsness was acting within the scope of his employment and was on the business of Defendant Raynor Express at the time of the accident. (Doc. 29).  Moreover, Plaintiffs have not asserted a claim for punitive damages generally, much less a claim for punitive damages against Defendant Raynor Express.  (*See* Doc. 1).  Furthermore, Plaintiffs do not point to any facts which would support such a claim.[3] *Id*.  Accordingly, Defendants are entitled to summary judgment on Plaintiffs' negligent hiring and retention claims under Georgia law.  Defendants' Motion for Partial Summary Judgment (Doc. 29) is therefore **GRANTED** as to Plaintiffs' negligent hiring and retention claims.

## II. Defendants' Motion in Limine

Defendants move the Court to exclude any evidence, testimony, and arguments of counsel regarding any injuries or death allegedly suffered by passengers of Plaintiff's vehicle from

---

[3] Clear and convincing evidence of a defendant's 'willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences' is required to warrant the imposition of punitive damages. Negligence, even gross negligence, is insufficient to support such an award. Durben, 230 Ga. App. at 751 (*quoting* O.C.G.A. § 51-12-5.1(b)).

consideration in connection to Defendants' Motion for Partial Summary Judgment or at trial. (Doc. 35).   The Court notes that Defendants refer to and incorporate their memorandum of law filed in support of their Motion for Partial Summary Judgment (Doc. 29, Exh. 1) as the sole supporting document for the instant Motion in Limine.   The Court, having necessarily reviewed Defendants' memorandum in connection with the Motion for Partial Summary Judgment, **DENIES AS MOOT WITH PREJUDICE** Defendants' Motion in Limine (Doc. 35) inasmuch as the same reiterates arguments addressed by the Court in resolving the Motion for Partial Summary Judgment.  *See infra* Part I.

Additionally, the Court finds that any further ruling on Defendants' Motion in Limine is not necessary at this stage, as the same consists of arguments that are more appropriate as a pretrial motion.   Having found the same to be otherwise premature, the Court **DENIES AS MOOT WITHOUT PREJUDICE** Defendants' Motion in Limine (Doc. 35).

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment (Doc. 29) is **GRANTED-IN-PART** and **DENIED-IN-PART**; Defendants' Motion for Hearing (Doc. 30) is **DENIED**; and Defendants' Motion in Limine (Doc. 35) is **DENIED-IN-PART AS MOOT WITH PREJUDICE** and **DENIED-IN-PART AS MOOT WITHOUT PREJUDICE**.

Remaining for trial are Plaintiffs' negligence claims for: 1) pain and suffering, 2) past and future lost wages, 3) past and future medical cost, 4) emotional distress suffered by Plaintiff Karl Floyd's due to any injuries he may have sustained, and 5) loss of consortium, society, services, companionship, love and affection suffered by Plaintiff Ana Branch-Floyd.

**SO ORDERED**, this    21st    day of June, 2006.


        /s/W. Louis Sands
        **W. LOUIS SANDS, CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**